FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2014 MAY 29 PM 12: 16

WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELONY**

### INDICTMENT FOR VIOLATIONS OF THE FEDERAL GUN CONTROL ACT AND FEDERAL CONTROLLED SUBSTANCES ACT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: **14-105** |
| v. | * | SECTION: **SECT. H MAG. 3** |
| STEPHEN FARRELL  LINDSEY DOOLEY | * | VIOLATION: 18 U.S.C. § 922(g)(1) |
|  |  | 18 U.S.C. § 922(a)(6) |
|  | * | 18 U.S.C. § 922(d)(1) |
|  |  | 18 U.S.C. § 371 |
|  | * | 21 U.S.C. § 841(a) |
|  |  | 21 U.S.C. § 841(b)(1)(C) |
| * | * | * |

The Grand Jury charges that:

### COUNT 1
(Conspiracy)

**A.   THE CONSPIRACY**

From on or about April 17, 2013, to on or about May 8, 2013, in the Eastern District of Louisiana, the defendants **STEPHEN FARRELL** and **LINDSEY DOOLEY**, did knowingly combine, conspire, confederate, and agree together and with each other to make a false and fictitious written statement to Academy Sports, 800 South Clearview Parkway, Harahan, Louisiana, in connection with the acquisition of a firearm, that is, a Taurus International Model PT738, .380 caliber firearm, serial number 94273C, from Academy Sports, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, which statement was

Fee USA
Process
x Dktd
CtRmDep
Doc. No.

intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of such sale of said firearm to the defendant under Chapter 44 of Title 18, United States Code, in that defendant **LINDSEY DOOLEY**, represented that she was the actual buyer of said firearm, when in fact she was purchasing the firearm for the defendant, **STEPHEN FARRELL**, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**B.   OVERT ACTS**

In furtherance of the conspiracy and to accomplish the objects thereof, the following overt acts among others were committed in the Eastern District of Louisiana:

1. On or about April 17, 2013, the defendants, **LINDSEY DOOLEY** and **STEPHEN FARRELL**, went to Academy Sports, a federally-licensed firearms dealer in Harahan, Louisiana.

2. On or about April 17, 2013, the defendant **STEPHEN FARRELL**, accompanied defendant **LINDSEY DOOLEY**, to Academy Sports and identified a firearm for defendant **LINDSEY DOOLEY** to purchase.

3. On or about April 17, 2013, the defendant, **LINDSEY DOOLEY**, executed a Department of Justice, Bureau of Alcohol, Tobacco, and Firearms Form 4473, for the purchase of a firearm at Academy Sports, a federally-licensed firearms dealer.

4. On or about April 17, 2013, the defendant, **LINDSEY DOOLEY**, purchased a Taurus International Model PT738, .380 caliber firearm, serial number 94273C, from Academy Sports.

5. Between on or about April 17, 2013, and on or about May 8, 2013, the defendant, **STEPHEN FARRELL**, possessed a Taurus International Model PT738, .380 caliber firearm, serial number 94273C.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(False Statement during the Purchase of a Firearm)

On or about April 17, 2013, in the Eastern District of Louisiana, the defendant **LINDSEY DOOLEY**, in connection with the acquisition of a firearm, that is, a Taurus .380 caliber firearm, Model PT738, serial number 94273C, from Academy Sports, 800 South Clearview Parkway, Harahan, Louisiana, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of such sale of said firearm to the defendant under Chapter 44 of Title 18, United States Code, in that the defendant **LINDSEY DOOLEY**, represented that she was the actual buyer of a Taurus International Model PT738, .380 caliber firearm, serial number 94273C, when in fact she was purchasing the firearm for the defendant, STEPHEN FARRELL, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 3
(Transfer of a Firearm to a Prohibited Person)

In or about April 2013, in the Eastern District of Louisiana, the defendant **LINDSEY DOOLEY**, knowingly transferred a firearm, that is, a Taurus International Model PT738, .380 caliber firearm, serial number 94273C, to the defendant, STEPHEN FARRELL, knowing and having reasonable cause to believe that the defendant, STEPHEN FARRELL, had been convicted of a crime punishable by imprisonment for a term exceeding one year, all in violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).

## COUNT 4
(Felon in Possession of a Firearm)

On or about May 8, 2013, in the Eastern District of Louisiana, the defendant, **STEPHEN FARRELL**, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: a conviction on February 6, 2007, in Jefferson Parish, State of Louisiana, under case number 07-0398 "K", for Attempt Armed Robbery, in violation of LA. R.S. 14:27:64, did knowingly possess in and affecting commerce, a firearm, to wit: a Taurus International Model PT738, .380 caliber firearm, serial number 94273C, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 5
(Possession with Intent to Distribute Heroin)

On or about May 8, 2013, in the Eastern District of Louisiana, the defendant, **STEPHEN FARRELL**, did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I drug controlled substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## NOTICE OF GUN FORFEITURE

1. The allegations of Counts 1 through 4 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2. As a result of the offenses alleged in Counts 1 through 4 of the Indictment, the defendants **STEPHEN FARRELL** and **LINDSEY DOOLEY**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28 United States Code,

Section 2461(c), any firearm or ammunition, which was involved in or used in knowing violations of Title 18, United States Code, Section 922, as alleged in Counts 1 through 4 of this Indictment.

3.  If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 922 and 924(d)(1).

## NOTICE OF DRUG FORFEITURE

1.  The allegation of Count 5 of this Indictment is realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2.  As a result of the offense alleged in Count 5 of this Indictment, the defendant, **STEPHEN FARRELL**, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation and any and all property used or

intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 5 of this Indictment.

    3.    If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendant:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third person;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

                                                        A TRUE BILL:

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

*[signature]*

NOLAN D. PAIGE
Assistant United States Attorney
LA Bar Roll No. 26456

New Orleans, Louisiana
May 29, 2014

FOREPERSON'S SIGNATURE
HAS BEEN REDACTED

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Louisiana

Criminal _____ Division

## THE UNITED STATES OF AMERICA

vs.

**STEPHEN FARRELL**
**LINDSEY DOOLEY**

## INDICTMENT

**INDICTMENT OFR VIOLATION OF**
**THE FEDERAL GUN CONTROL ACT**

VIOLATIONS:   18 U.S.C. § 922 (a)(6)
              18 U.S.C. § 922 (d)(1)
              18 U.S.C. § 922 (g)(1)
              18 U.S.C. § 371
              21 U.S.C. § 841(a)
              21 U.S.C. § 841(b)(1)(C)

A true bill.

_____
Foreperson

FOREPERSON'S SIGNATURE
HAS BEEN REDACTED

Filed in open court this _____ day of _____ A.D. 2014.

_____
Clerk

Bail, $ _____

_____
NOLAN D. PAIGE
Assistant United States Attorney